# The Indianapolis and St. Louis Railroad Company

## *v.*

## Joseph Peyton.

Negligence—*neglect to give warning and running train at prohibited rate of speed.* In an action against a railroad company to recover for the killing of plaintiff's cow by a train of cars in an incorporated town, it appeared that no bell was rung or whistle sounded, and that the train was running at a greater rate of speed than allowed by ordinance of the town. It also appeared that the plaintiff's cow was running at large, contrary to ordinance: *Held*, that a verdict in favor of the plaintiff was authorized, the negligence of the plaintiff in allowing his cow to run at large being slight as compared with that of the company, which was gross, and in violation of a statute law as well as of an ordinance.

APPEAL from the Circuit Court of Coles county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Messrs. WILEY & PARKER, for the appellant.

Mr. J. R. CUNNINGHAM, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was originally an action brought before a justice of the peace of Coles county to recover damages of the defendant, a railroad company, for killing a cow, the property of the plaintiff. There was a verdict and judgment for the plaintiff, from which defendant appealed to the circuit court. On trial there before a jury, a verdict was rendered for the plaintiff, and his damages assessed, on which the court entered judgment, having overruled a motion for a new trial.

The accident occurred within the corporate limits of the town of Charleston, where the company were not required by law to erect a fence.

The claim of the plaintiff is based on the fact that no bell was rung or whistle sounded, and that the train was moving at a higher rate of speed than the ordinance of the town allowed.

The defense was, negligence on the part of the plaintiff in permitting the cow to run at large in violation of an ordinance of the town, thus contributing to the accident.

It was proved no bell was rung or whistle sounded, and that omission was *prima facie* negligence. It was not proved that the rate of speed was more than eight miles an hour, the rate allowed by the ordinance, but it was proved, substantially, by proving the train was running "very fast." A speed of eight miles an hour would not be very fast, but as the speed was "very fast," the inference must be it was more than eight miles an hour, so that a violation of law, in both respects, was established against appellant.

But it is insisted, appellee contributed to the injury by a violation, on his part, of the town ordinance, and therefore ought not to recover.

On this point, the instruction of the court was not correct, but that was not assigned as a reason for a new trial, nor is it assigned as error on this record.

Notwithstanding the error in the instruction, we are inclined to affirm the judgment, fully believing the jury were warranted in finding the verdict on the proof submitted. A positive violation of the law of the State is established against the company, and a positive violation of an ordinance of the town is also established. The negligence of appellee was slight as compared with that of the company, which was gross.

We will not reverse and remand a cause where we are satisfied the same verdict would be rendered under a proper instruction.

The judgment is affirmed.

*Judgment affirmed.*